**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CORNELIUS AND MAUREEN MAHAR,

                       Plaintiff,

       - v -                            Civ. No. 1:06-CV-1297
                                            (GLS/RFT)

US XPRESS ENTERPRISES, INC., *et. al.*,
                        Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## ORDER

On December 22, 2008, seven days shy of the final day to file dispositive motions, which would have been December 30, 2008, Cornelius Mahar filed a Letter Motion seeking a court conference to address his interest in filing a motion to amend. Dkt. No. 90. The Court obliged Mahar and convened a telephone conference on December 30, 2008. Based upon the recorded telephone conference and consultation with the Honorable Gary L. Sharpe, United States District Judge, the Court granted Mahar permission to file a motion to amend his Amended Complaint and stayed the filing of any dispositive motion pending a resolution of the motion to amend. Dkt. No. 96.

On January 9, 2009, Mahar filed a rather voluminous Motion to Amend his Amended Complaint, seeking to add a cause of action for gross negligence and punitive damages, and to increase his ad damnum clause. Dkt. No. 98. Mahar's

Motion to Amend includes affidavits, depositions, expert and medical reports, and other physical proof.  In opposing this Motion, US Xpress raised, among other issues, that the amendments were futile.

As a generally accepted legal proposition within the Second Circuit, when considering whether the proposed amended complaint is futile, the Court is expected to employ the Rule 12(b)(6) standard of review.  FED. R. CIV. P. 12(b)(6); *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).  In conducting this motion to dismiss standard of review, the Court is bound to adjudicate the motion without resorting to any outside evidence.  *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989) ("On a motion to dismiss, the district court must limit itself to a consideration of the facts alleged on the face of the complaint and to any documents attached as exhibits or incorporated by reference."); *Farid v. Demars*, 2009 WL 455450, at *1 (N.D.N.Y. Feb. 23, 2009) (citing *Cosmas*).  In essence, the Court's review is relegated to the four corners of the proposed second amended complaint.

Initially, Mahar wants this Court to consider the entire submission in deciding this Motion.  Dkt. No. 103, Pl.'s Lt.-Br., dated July 20, 2009.  However, to do so, this Court would be reviewing documents and proof outside the contours of the proposed second amended complaint in contravention of the Rule 12(b)(6) standard.  In order

to review this massive record, the Court's only recourse would be to engage in an analysis pursuant to FED. R. CIV. P. 56. While several Circuits Courts have recognized that it is appropriate in some unusual circumstances to subject a motion to amend to a Rule 56 scrutiny, *Islamic Soc'y Fire Dep't Pers. v. City of New York*, 205 F. Supp. 2d 75, 80 n.5 (E.D.N.Y. 2002) (surveying other circuits), the Second Circuit has not similarly ruled. Nonetheless, there are district courts within the Second Circuit that have found a Rule 56 standard applicable in determining futility. *See e.g., DiPace v. Goord*, 308 F. Supp. 2d 274, 278 (S.D.N.Y. 2004); *Stoner v. New York City Ballet Co.*, 2002 WL 523270, at *7 (S.D.N.Y. Apr. 8, 2002); *Islamic Soc'y Fire Dep't Pers. v. City of New York*, 205 F. Supp. 2d 75. However, without the Second Circuit speaking directly to this issue, this Court is unwilling to adopt this standard of review.

Because the Court felt it was on the horns of a dilemma - whether to follow established precedent within the Circuit or yield to Mahar's exhortation to review this comprehensive record which may require a review standard other than Rule 12(b)(6) - the Court first invited written responses and then convened an emergency telephonic conference on July 21, 2009. During the telephone conference, Mahar confirmed that he was intending to file a motion for summary judgment on liability, notwithstanding the Court's ruling on the motion to amend, and the record for that dispositive motion would include in its entirety the current record before the Court, and probably more.

US Xpress also substantiated that it as well would be filing a dispositive motion that would encompass the current record before the Court. We therefore concluded that the District Court would eventually review the exact record that is currently before the Court and the fear of duplicative reviews and possibly inconsistent determination of the record could be realized. Such duplication would also run counter to judicial economy.

After conferring with the parties and the District Judge, the better course would be that the Motion to Amend, Dkt. No. 98, be withdrawn before this Court and that Mahar be allowed to renew and enfold his motion to amend within a dispositive motion. Essentially, in addition to seeking summary judgment on liability on the present cause of action of negligence, Mahar would further seek to amend his Amended Complaint to assert a new theory of gross negligence and punitive damages. Similarly, US Xpress would pursue its motion for summary judgment and oppose the adjunct request to amend.

Accordingly, it is hereby

ORDERED, that Mahar's Motion to Amend his Amended Complaint, Dkt. No. 98, is withdrawn without prejudice before this Court and Clerk of the Court shall designate it as terminated on the case docket. Mahar may, nonetheless, file, or refile, his Motion to Amend his Amended Complaint as a component of his dispositive

motion which will be addressed to the District Judge; and it is further

ORDERED, that the final day to file dispositive motions is **September 11, 2009.**  Opposition to any dispositive motion shall be served and filed on or before **October 9, 2009.**  Any reply to the opposition shall be served and filed on or before **October 23, 2009.**  The return date for the dispositive motions shall be **November 19, 2009**, before the Honorable Gary L. Sharpe, United States District Judge, James T. Foley Courthouse, 445 Broadway, Albany, New York 12207.

**IT IS SO ORDERED**.

July 21, 2009
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-5-