**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CORNELIUS MAHAR** and
**MAUREEN MAHAR,**

                **Plaintiffs,**   1:06-cv-1297
                                         (GLS\RFT)
           **v.**

**US XPRESS, INC.** and
**GLORIA V. MORGAN,**

                **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Flink, Smith Law Firm | EDWARD FLINK, ESQ. |
| 23 British American Boulevard | CHRISTOPHER GUETTI, ESQ. |
| Latham, NY 12110 | JENNIFER L. DOMINELLI-LECAKES, ESQ. |
| | |
| **FOR THE DEFENDANTS:** | |
| Rawle, Henderson Law Firm | DIANE BECKMAN CARVELL, ESQ. |
| 14 Wall Street, 27th Floor | JON M. DUMONT, ESQ. |
| New York, NY 10005 | JAMES A. WESCOE, ESQ. |
| | |
| Baker, Donelson Law Firm | KENNETH S. POWERS, ESQ. |
| 1800 Republic Centre | |
| 633 Chestnut Street | |
| Chattanooga, TN 37450 | |
| | |
| **FOR NON-PARTY MARC F. ULLOM:** | |
| Rawle, Henderson Law Firm | DIANE BECKMAN CARVELL, ESQ. |
| 14 Wall Street, 27th Floor | |
| New York, NY 10005 | |

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs Cornelius and Maureen Mahar brought this action against US Xpress, Inc. and Gloria Morgan for injuries and damages sustained in a tractor-trailer accident. (2d Am. Compl., Dkt. No. 148.) In anticipation of trial, the Mahars served a series of trial subpoenas upon defense counsel pursuant to defense counsel's agreement to accept service of subpoenas on behalf of US Xpress and its representatives. (*See* Sept. 16, 2010 Letter, Dkt. No. 165:2.) Among these subpoenas were (1) a subpoena to Marc F. Ullom, Esq., directing him to appear and testify at trial regarding his attendance at and involvement in a January 20, 2005 inspection of Morgan's tractor, (Dkt. No. 165:3); (2) subpoenas to witnesses Gloria Morgan, Richard Bonine, Charles Bailey, Rhonda Pegg, Sherri Gilbert, Michael Duffy, Richard Nicely, and Timothy Hicks, generally directing each individual to provide certified copies of various types of documents, (Dkt. No. 168:2); (3) subpoenas directing US Xpress to provide certified copies of various types of documents, (Dkt. Nos. 168:3-4); and (4) a subpoena

2

directing US Xpress to testify and provide documents regarding its finances for purposes of punitive damages, (Dkt. No. 168:5). Pending are Mr. Ullom's motion to quash the subpoena directed to him and US Xpress's motion to quash the subpoenas directed to US Xpress and the individual witnesses. (Dkt. Nos. 164, 167.) For the reasons that follow, the motions to quash are denied.

## II. Discussion

### A. Subpoena to Marc Ullom

The Mahars concede that the original service and contents of the Ullom subpoena were inadequate. (*See* Pls. Mem. of Law at 1, Dkt. No. 171.) In response, the Mahars have demonstrated compliance with FED. R. CIV. P. 45 through personal service upon Mr. Ullom of a subpoena directing him to testify by deposition in Philadelphia, Pennsylvania, on October 29, 2010. (*See* Ullom Subpoenas, Dkt. Nos. 170:2, 170:4; *see also* Affs. of Service, Dkt. Nos. 170:3, 170:5.) Therefore, based on the Mahars' satisfaction of Rule 45's requirements, and insofar as they intend to tailor their examination and not to elicit privileged or irrelevant testimony from Mr.

3

Ullom,[1] the court denies Mr. Ullom's motion to quash.

## B.   Subpoenas to Individual Witnesses

In qualifying the production requests contained in the individual witness subpoenas, the Mahars contend that they only seek certified copies of documents that are (1) in the individual witnesses' possession, (2) that fit within a specific category, and (3) that have not been produced. (*See* Pls. Mem. of Law at 2, Dkt. No. 174.)  In other words, "[i]f the [witness] does not have anything in [his or her] possession related to that specific category, then nothing further must be done to comply with the demand."  (*Id.*)  Alternatively, in attempting to alleviate US Xpress's concerns, the Mahars are willing to withdraw the document production requests directed at each individual witness in exchange for US Xpress and Morgan's agreement to accept service of and comply with the subpoenas insofar as they direct each individual witness's appearance at

---

[1] As to issue of cumulative testimony, (*see* Ullom Mem. of Law at 7, Dkt. No. 166), the court concurs with the Mahars' assertion that cumulativeness cannot be evaluated at this juncture, (*see* Pls. Mem. of Law at 4-5, Dkt. No. 171).  However, the court does caution the parties to evaluate their cases, curtail the presentation of cumulative evidence at trial, and consider the extent to which the substance of Mr. Ullom's testimony may be obtainable through other means, including a different, non-counsel witness.  *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003).

trial.[2]  (*See* Stipulation Offer, Dkt. No. 173:3.)  Accordingly, in light of the outstanding stipulation offer—which is favored for several reasons, not least of which is to avoid the court's further and unnecessary involvement[3]—the motion to quash the individual witness subpoenas is denied.

## C. Subpoena to US Xpress for Documents

In response to defense counsel's refusal to accept service of the production subpoenas directed to US Xpress, the Mahars have served US Xpress at its corporate offices in Chattanooga, Tennessee.  (*See* US Xpress Subpoenas Dkt. Nos. 173:5-6; *see also* Affs. of Service, Dkt. No. 173:7.)  Consequently, the Mahars' compliance with FED. R. CIV. P. 45 renders US Xpress's service objection moot.

As to the substance of its motion, US Xpress argues that the Mahars' production request constitutes an impermissible attempt to engage in further discovery.  (*See* Defs. Mem. of Law at 9-10, Dkt. No. 169.)

---

[2]The court acknowledges that this proffered stipulation only applies to Morgan and individuals who remain in US Xpress's employ, since, absent a claim of privilege regarding certain documents, US Xpress would lack the authority to accept or object to a subpoena directed to a former employee.  (*See* Pls. Mem. of Law at 1-2, Dkt. No. 174.)

[3]Additionally, in an effort to simultaneously preserve the admissibility of non-original or non-certified documents obtained during discovery, unburden any individual witnesses who are in possession of the corresponding originals, and avoid cumulativeness, the Mahars seem to suggest that a stipulation may be appropriate regarding the authenticity and admissibility of any such already-produced documents.  (*See* Pls. Mem. of Law at 1-2, Dkt. No. 174.)  The court is likewise amenable to such a stipulation.

5

Specifically, US Xpress contends—in broad and general terms—that the Mahars "were aware of the existence of such documents before the discovery deadline ... [but] most of these documents were not requested before discovery closed." (Defs. Mem. of Law at 10, Dkt. No. 169.) However, there is nothing in the nature of the Mahars' requests that suggests impropriety or bad faith. On their face, the requests seek certified copies of specifically categorized documentary evidence. Moreover, the timing of the requests and the dates stipulated for production indicate that the Mahars have taken the court's trial-preparation directives to heart and are in the process of complying with and meeting the court's orders. And while the requests may be unnecessarily broad or indefinite, US Xpress offers no evidentiary support of its contentions that would enable the court to evaluate whether the requests are duplicative or duplicitous. Accordingly, in light of the parties' failure to coherently present this issue, and because it is the parties who are in the best position to resolve such issues, the court denies US Xpress's motion to quash the corporate production subpoenas.

### D. Subpoena to US Xpress Regarding Punitive Damages

Putting aside US Xpress's Rule 45 objection, which the Mahars have

cured, (*see* US Xpress Subpoena, Dkt. No. 173:4; *see also* Aff. of Service, Dkt. No. 173:7), the Mahars concede that their subpoena directing US Xpress to produce a witness and documents regarding its financial status for punitive damages purposes is premature, (*see* Pls. Mem. of Law at 5-6, Dkt. No. 174; *see also* Defs. Mem. of Law at 11-12, Dkt. No. 169). Nonetheless, based on the conditional nature of the punitive damages issue,[4] and in light of the Mahars' assertion that their subpoena was intended to enhance judicial economy by putting US Xpress on notice of their request if and when the punitive damages inquiry is presented to the jury, the court denies US Xpress's motion to quash.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[4] *See Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988) ("Only after it has been determined ... that a defendant's conduct entitles a plaintiff to [punitive] damages is it necessary or appropriate for a defendant's financial resources to be introduced into evidence." (citing *Rupert v. Sellers*, 48 A.D.2d 265, 272 (4th Dep't 1975)); *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 374 (2d Cir. 1988) ("If the jury finds in favor of the [plaintiff] on ... the usual issues of liability and compensatory damages [and] whether the defendant's conduct warrants any award of punitive damages[,] ... the parties should then be allowed to present evidence with respect to the amount of the punitive damage award." (citations omitted)); *see also Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1119 (2d Cir. 1986) ("[C]onsideration [of] the defendant's wealth or net worth ... is relevant as enabling the fact finder to arrive at an award of sufficient substance to make the offender 'smart,' since a lesser award would probably not achieve the desired deterrent effect." (citations omitted)); *see, e.g.*, *Agudas Chasidei Chabad of U.S. v. Gouray*, No. CV 85 2909, 1989 WL 38341, at *1 (E.D.N.Y. Apr. 12, 1989); *Davis v. Ross*, 107 F.R.D. 326, 327 (S.D.N.Y. 1985); *cf. Moran v. Int'l Playtex, Inc.*, 103 A.D.2d 375, 377 (2d Dep't 1984).

7

**ORDERED** that Marc Ullom's motion to quash (Dkt. No. 164) is **DENIED**; and it is further

**ORDERED** that US Xpress and Gloria Morgan's motion to quash (Dkt. No. 167) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 28, 2010
Albany, New York

*/s/ Gary L. Sharpe*
United States District Court Judge